MC–275

Name **MICHAEL CHEN**

Address **FACILITY: TCCF**

**295 U.S. HIGHWAY 49 SOUTH**

**TUTWILLDER, MISSISSIPPI 38966**

CDC or ID Number **P40268**



FILED

MAR **2 1** 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE COURT OF APPEALS FOR THE STATE OF CALIFORNIA

SIXTH APPELLANT DISTRICT

(Court)

| | |
|---|---|
| **MICHAEL CHEN,**<br>Petitioner<br><br>vs.<br><br>**D.K. SISTO, Warden**<br><br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br><br>No. _____<br>(To be supplied by the Clerk of the Court) |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☒☒ A conviction    ☐ Parole

☒☒ A sentence    ☐ Credits

☐ Jail or prison conditions    ☐ Prison discipline

☐ Other (specify): _____

1. Your name:   MICHAEL CHEN

2. Where are you incarcerated?   TALLAHATCHIE COUNTY CORRECTIONAL FACILITY

3. Why are you in custody?   ☒☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   8 COUNTS ROBBERY 1st/concert...

   b. Penal or other code sections:   P.C. §§ 213(1)(A); 264.1; 220; 12022.5(a)

   c. Name and location of sentencing or committing court:   Santa Clara Superior Court

   d. Case number:   204887/204714

   e. Date convicted or committed:   December 18, 1998

   f. Date sentenced:   May 19, 1999

   g. Length of sentence:   26 years

   h. When do you expect to be released?   _____

   i. Were you represented by counsel in the trial court?   ☒☒☒ Yes.   ☐ No. If yes, state the attorney's name and address:

   Earl Jiang, 39111 Paseo PadreParkwar, suite 223, Fremont, CA 94538

4. What was the LAST plea you entered? (check one)

   ☐ Not guilty   ☐ Guilty   ☒☒ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury   ☒☒☒ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF                                                                            **MC–275**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

see attached writ and supporting Memorandum of Points and Authorities

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

SEE ATTACHED WRIT

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHED WRIT

7. **Ground 2 or Ground** _____ *(if applicable):*

SEE ATTACHED WRIT AND SUPPORTING MEMROANDUM

a. Supporting facts:

SEE SUPPORTING WRIT

b. Supporting cases, rules, or other authority:
SEE ATTACHED WRIT

**PETITION FOR WRIT OF HABEAS CORPUS**

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

COURT OF APPEALS, SISTH APPELLANT DISTRICT

b. Result  DENIED                                               c. Date of decision:     9/8/2000

d. Case number or citation of opinion, if known:     H020261

e. Issues raised: (1) THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT FULL CON-

(2) CONSECUTIVE SENTENCES ON COUNTS 9 AND 11

(3)

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

ELAINE FORRESTER, 514 WIHDHAM STREET, SANTA CRUZ, CA 95026

9. Did you seek review in the California Supreme Court?  ☒ Yes  ☐ No. If yes, give the following information:

a. Result  DENIED REVIEW/UNTIMELY FILED          b. Date of decision:

c. Case number or citation of opinion, if known:

d. Issues raised: (1)  SAME AS ABOVE

(2)

(3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

THIS APPEAL IS PURSUANT TO CUNNINGHAM V. CALIFORNIA, 127. S.CT 2007)

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

N/A

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.

*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, **MC–275**
commitment, or **issue** in any court?  ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a. (1) Name of court: __SUPERIOR COURT OF SANTA CLARA COUNTY__

    (2) Nature of proceeding (for example, "habeas corpus petition"): __HABEAS CORPUS PETITION__

    (3) Issues raised: (a) __SAME AS INSTANT WRIT OF HABEAS CORPUS.__

       (b) _____

    (4) Result (Attach order or explain why unavailable): __DENIED, SEE ATTACHED DECISION__

    (5) Date of decision: __September 21, 2007__

  b. (1) Name of court: __N/A__

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
                __N/A__

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
  __CUNNINGHAM V. CALIFORNIA, 127 U.S. C.T 2007. & Appellant was involuntarily__
__out-of-state transferred to Mississippi, and only recently received lost__
__legal documents, documents lost in transit cross country, by the CDCR.__

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☒ Yes.  ☐ No. If no, explain:
  __UNITED STATES EASTERN DISTRICT COURT, § 1983 FOR VIOLATION OF CONSTITU-__
__TIONAL RIGHTS.__

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
  __N/A__

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _February 29, 2008_       ▶ _Micheal Cl—_
                                (SIGNATURE OF PETITIONER)

1

2

3

4

**SUPERIOR COURT OF CALIFORNIA**

5

**COUNTY OF SANTA CLARA**

6

7

8  In re                                      )      No.: 204887
                                             )
9      MICHAEL CHEN,                         )
                                             )      ORDER
10  On Habeas Corpus                          )
                                             )
11

12      Mr. Chen (hereafter "Petitioner") has filed a habeas corpus

13  petition in which he seeks relief based on the United States Supreme

14  Court's holdings in *Cunningham v. California* (2007) 127 S.Ct. 856 and

15  *Blakely v. Washington* (2004) 542 U.S. 296.  However, Petitioner's

16  case was final in September, 2000 – prior to the date *Blakely, supra,*

17  was decided, and the *Blakely* rule is not retroactive.  (See *In re*

18  *Consiglio* (2005) 128 Cal.App.4th 511.)

19      Even if the matter were considered under the rule in *Blakely*,

20  the claim raised by Petitioner must fail.

21      Petitioner's sentence resulted from a negotiated disposition in

22  which he entered changes of plea in exchange for dismissal of certain

23  life-term enhancement allegations (PC §667.61) and a guaranteed term

24  between 18 and 94 years in state prison.  Thus, Petitioner's argument

25  that a particular aspect of his sentence is inappropriate is not

26  cognizable here.

27

28      Where defendants have pleaded guilty in return for a

1

1 specified sentence, appellate courts are not inclined to find error even though the trial court acts in excess of

2 jurisdiction in reaching that figure, as long as the court does not lack fundamental jurisdiction.  (*People v. Jones* (1989) 210

3 Cal.App.3d 124, 132-136 [defendant estopped from arguing improper dual imposition of enhancement]; see also *People v.*

4 *Beebe* (1989) 216 Cal.App.3d 927, 932-933  [defendant was estopped from withdrawing from plea bargain where "straight"

5 felony would be reduced to misdemeanor]; *People v. Olson* (1989) 216 Cal.App.3d 601, 603 [court declines to redress

6 dual-use-of-facts error].)  The rationale behind this policy is that defendants who have received the benefit of their bargain

7 should not be allowed to "trifle with the courts" by attempting to better the bargain through the appellate process.  (*People*

8 *v. Beebe, supra*, 216 Cal.App.3d at p. 932.)(*People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123. See also *People v. Couch*

9 (1996) 48 Cal.App.4th 1053.)

10  For the foregoing reasons the petition is denied.

11

12 DATED: *Sep  11* , 2007

13          LINDA R. CONDRON
           JUDGE OF THE SUPERIOR COURT

14 cc: Petitioner
    District Attorney

15   Research (8-17A)
    CJIC

16

17

18

19

20

21

22

23

24

25

26

27

28

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| **In the Matter of**<br><br>**MICHAEL CHEN,**<br><br>Petitioner On Habeas Corpus. | **(ENDORSED)**<br>**F I L E D**<br>SEP 2 1 2007<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY _____ DEPUTY |
| PROOF OF SERVICE BY MAIL OF: | |
| **ORDER OF COURT (Penal Code §871.5)** | **CASE NO.:**<br>**204887** |

### CLERK'S CERTIFICATE OF SERVICE

I CERTIFY THAT I AM NOT A PARTY TO THIS CAUSE AND THAT A TRUE COPY OF THIS DOCUMENT, *ORDER OF COURT [Penal Code §871.5]),* WAS HAND-DELIVERED INTO THE BELOW-LISTED AGENCY'S INTER-OFFICE PICK-UP BOX, (WHERE APPLICABLE), OR MAILED WITH FIRST CLASS POSTAGE PREPAID IN A SEALED ENVELOPE ADDRESSED AS SHOWN BELOW, AND THESE DOCUMENTS WERE PLACED FOR PICK-UP OR MAILED AT SAN JOSE, CALIFORNIA ON DATE SHOWN BELOW.

DATED: _____ SEP 2 1 2007 _____          KIRI TORRE, CHIEF EXECUTIVE OFFICER/CLERK

BY: _____ BRET MORROW ___ BM ___

Bret Morrow, Deputy Courtroom Clerk

| **Petitioner:**<br>Michael Chen<br>C.D.C. # P-40268<br>P. O. Box 4000<br>CSP-Solano, 21-W4L<br>Vacaville CA 95696-4000 | **Respondent:**<br><br>OFFICE OF THE DISTRICT ATTORNEY<br>County of Santa Clara<br>70 West Hedding – West Wing<br>San Jose, CA 95110<br><br>(Placed in PONY TRANSFER pick-up box) |
|---|---|
| **CJIC:**<br><br>(Placed in inter-department pick-up box) | **RESEARCH:**<br><br>(Placed in inter-department pick-up box) |

1  MICHAEL CHEN, P-40268
   tallahatchie County Correctional Facility
2  295 U.S. Highway 49 South
   Tutwiler, MS 38963
3

4

5  PETITIONER IN PROPRIA PERSONA

6

7

8

9              IN THE CALIFORNIA COURT OF APPEALS

10                 SIXTH APPELLANT DISTRICT

11 MICHAEL CHEN,                )
                                )   Case No. _____
12            Petitioner,       )
                                )   PETITION FOR WRIT OF HABEAS
13      vs.                     )   CORPUS AND SUPPORTING
                                )   MEMORANDUM OF POINTS AND
14 D.K. SISTO, Warden,          )   AUTHORITIES IN SUPPORT THEREOF
                                )
15            Respondent.       )
                                )   _____
16 _____)

17

18                             I.

19                  STATEMENT OF THE CASE

20      !.   On May 4, 1998, petitioner was charged by information

21 in the Santa Clara County Superior Court with eight counts of

22 first degree robbery, three counts of rape in concert, and one

23 count sexual assault, in violation of penal code section

24 213(a)(1)(A), 264.1 and 220. It was also alleged that petitioner

25 was personally armed with a firearm and deadly weapon when he

26 committed the robberies, and sex crimes within the meaning of

27 section 12022.5(a)(1) and 12022(b)(1). It was further alleged



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

1

1  that the charged sex crimes came within the one strike sex

2  offender provisions as set forth in section 667.61. (CT 184-

3  196.)

4      **2.**   On May 20, 1998 petitioner filed a motion to set aside

5  the four charged sex offense contained in the information

6  pursuant to a section 995. (CT 200-207.) On June 3, 1998, the

7  court dismissed one count of rape in concert. (CT 226, 242-248.)

8      **3.**   On May 20, 1998, the court granted the prosecutions

9  motion to consolidate petitioner's case with the cases filed

10 against the co-defendants Loc Chi Duong and Zhuo Liu. (CT 209.0

11 An amended consolidation was filed on June 1998. (CT 227-239.)

12     **4.**   December 18, 1998, petitioner entered no contest pleas

13 to all the charged and admitted the arming allegation in exchange

14 for the prosecution's dimissial of the section 667.61

15 enhancements.  Petitioner was advised of the 15% limitation

16 on conduct credits, pursuant to section 2933.5. The court found

17 a factual basis for the pleas. The pleas were entered pursuant

18 to a sentencing bargain, wherein it was agreed that petitioner's

19 sentence would be no less than 18 years and would not exceed

20 95 years and nine months. (CT 276-277.)

21     **5.**   On May 19, 1999, the court committed petitioner to

22 state prison for an aggregate term of 26 years. Count one, a

23 first degree robbery charge, was designated as the principal

24 term; the court imposed the midterm of six yeas plus a

25 consecutive three-year term for being armed with a firearm during

26 the commission of the crime. Count two, first degree robbery

27 was ordered to be served consecutively; a two year term plus

2

1  one year for being armed with a firearm. The court ran the six

2  remaining robbery counts and their enhancements concurrently.

3  The court imposed two full seven year consecutive sentences

4  for the rape in concert crimes. The arming enhancement, were

5  ordered to served concurrently and or stayed. (CT 342-345.)

6      6    On July 6, 1999, Petitioner filed a timely Notice

7  of Appeal. (CT 224.)

8                          II.

9                         **PARTIES**

10     7.   Petitioner Michael Chen. is a prisoner of the State

11 of California and is currently incarcerated at California State

12 Prison - Solano in Vacaville, California.

13     8.   Respondent D.K. Sisto, is the warden of California

14 State Prison - Solano and is the legal custodian of petitioner.

15                         III.

16                 **STATEMENT OF FACTS**

17     9    The record of the Preliminary hearing in this case

18 showed the following:

19     Defendant Chen and others perpetuated a home invasion
    robbery. At some point during the robbery, Lisa Doe her

20  mother and her grandmother were held at gun point by Loc
    Chi Duong in a bedroom while two others searched the room.

21  The victim's hands were bound in front of her with duct
    tape. The mother's hands and legs were taped. The victim

22  was situated between her grandmother and her mother.
        After the other two robbers left the room, Duong,

23  with his right hand pointing a gun to Lisa's head and his
    right knee resting on the middle of her back, reached down

24  and fondled Lisa's breasts with his left hand. Duong then
    put his hands into her pajama pants, moved his hands down

25  her buttocks, tried to put his fingers into her vagina
    and succeeded in some manner. Someone walked into the room

26  and interrupted Duong. They conversed in another language
    and the person left.

27      Duong yelled at Lisa Doe to "open it", which Lisa
    understood referred to her legs because she was "trying

:OURT PAPER
TATE OF CALIFORNIA
TD. I I3 (REV. 3-95)

5  28391

3

to resist him by crossing her legs tightly". Duong again moved him hand between her buttocks and succeeded in putting one finger inside her vagina.

Duong dragged Lisa, still bound, over to the chair near the coffee table. Lisa's face was at eye level with Duong's crotch. Duong began to unbutton his jeans with his free hand while still pointing the gun at Lisa's head. Duong tried to pull Lisa to his crotch. Lisa screamed and two male perpetrators entered the room.

Lisa called out to the two perpetrators, one of which was petitioner to help her and to make Duong stop. After the two left Duong pulled her to the ground between the chair and couch. Duong positioned himself on the ground next to Lisa and inserted his finger into her vagina

One of the two male perpetrators returned and interrupted the activity. Lisa said, "Please stay, if you leave he'll do it to me again". The robber replied, "Don't worry, I won't let him touch you again". That robber said something to Duong and Duong pulled her back over to her mother and grandmother. Dough said, "You're a lucky bitch." Lisa was not touched in a sexual manner again during the robbery.

**10.** At sentencing, the trial court stated regarding counts nine and eleven: "Count 9, I must impose the term consecutive, and it is full term consecutive, this is on county 9, I must impose. . .the mid-term of 7 years and that's consecutive. [¶] Count 11, the mid-term, which is 7 years consecutive. [¶] So the total term, and those two are under 667.6(d), that's count 9 and 11, that's why I am imposing them consecutive, full term, so that the total sentence then is 26 years." The prosecutor added: "Also, just to clarify the record, the People are assuming that the reason that the court is finding the sentencing structure of 667.6.(d) appropriate is because count's 10 [sic] and 11 are in fact separate instances of conduct; is that correct?" The court stated: That's correct.

**IV.**

**CONTENTIONS**

:OURT PAPER
:TATE OF CALIFORNIA
:TD. I 13 (REV. 3-95)

5  28391

4

## PROOF OF SERVICE BY MAIL

### BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is: California State Prison - Solano
Housing: **21-W4L**
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

**Case Name:** IN RE MICHAEL CHEN                **Case #:** _____

**Document(s) Served:** PETITION FOR WRIT OF HABEAS CORPUS & SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF.

_____

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

OFFICE OF THE CLERK                 CA. ATTORNEY GENERAL
SANTA CLARA SUPERIOR COURT          445 GOLDEN GATE AVE. RM. 11000
191 N. FIRST STREET                 SAN FRANCISCO, CA 94102
SAN JOSE, CA 95110

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on _AUGUST 14 2007_, in Vacaville, California.

                    "*date*"

                              Signature: _Michael ch_____

                              Printed Name: MICHAEL CHEN_____

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:    Michael Chen, P40268
Tallahatchie County Correctional Facility
295 U.S. Highway 49 South
Tutwilder, MS 38963

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name: _Chen v. D.K. Sisto, Warden_      Case #: _____

Document(s) Served: _Petition for writ of habeas corpus and supporting memorandum of points and authorities._

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

Court Appeal
Sixth Appellant District
333 W. Santa Clara Street
San Jose, CA 95113

CA. Attorney General
455 Golden Gate Ave., Rm.11000
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on _February 29 2008_ , in Vacaville, California.

              *"date"*

Signature: _Michael chen_

Printed Name: _Michael Chen, Petitioner_

1. **PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A JURY BY THE TRIAL COURT SENTENCING HIM UNDER 667.6(d) IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS.**

2. **PETITIONER'S UPPER TERM SENTENCE IS UNCONSTITUTIONAL.**

**V.**

**REQUEST FOR RELIEF**

Petitioner is without remedy save for habeas corpus. Accordingly, petitioner request that the court:

1.    Issue a writ of habeas corpus;

2.    Issue an order to show cause;

3.    Order that petitioner's upper term sentence is invalid and in violation of his federal constitutional right to a jury trial and due process;

4.    Order that petitioner's upper term sentence pursuant to Penal Code § 666.6.(d) be vacated and a midterm sentence be imposed;

5.    Appoint counsel or award reasonable attorney's fees; and

6.    Grant any and all other relief found necessary or appropriate.

Date: _8 - 14 - 2007._

Respectfully submitted,

Michael Chen
Petitioner In pro per

//

5

## VERIFICATION

I, **Michael Chen**, state:

I am the petitioner in this action. I have read the following petition for writ of habeas corpus and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at California State Prison – Solano, Vacaville, California on _August 14_ 2007.

Michael Chen

6

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE PETITION FOR WRIT OF HABEAS CORPUS

I.

### INTRODUCTION

As noted above, petitioner conviction arose out of participation in a home invasion robbery. Whereas, despite the fact petitioner did not participate in the physical assault of the victim, nor did he assist the perpetrator in the sexual assault of the victim. Petitioner merely participated in the home invasion for the purposes of financial gain, and while searching one area of the home for goods to steal, petitioner was unaware of what his cohorts were doing in other rooms of the home. That is, until he heard the cries of one of the victims. "Upon hearing her cries he intervened and stopped the assault from going further", which suggested that petitioner did not have the specific intent that the young female should be sexually assaulted.

Despite petitioner's actual involvement in the sexual assault in this case, the trial court found petitioner guilty of being an aider and abettor in the criminal conduct of his cohort, due to petitioner's voluntary participating in the home invasion robbery:

The court held:

It is important to bare in mind that an aider and abettor's liability for criminal conduct is of two kind. First, an aider and abettor with the necessary mental state is guilty of the intended crime. Second, under the natural and probable consequences doctrine, an aider and abettor is guilt not only of the intended crime, but also "for any other offense that was a 'natural and probable consequence' of the crime aided and abetted (citing) (**People v. McCoy,** (2001) 25 Cal.4th 1111,

7

1117, quoting **People v. McCoy**, (2001) 25 Cal.4th 248, 260.)

By applying the "natural and probable consequences doctrine" to petitioner's case, the court found that petitioner was vicariously liable for the sexual assaults because they were a "natural and probable consequence" of the planned home invasion. The court held:

> All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, are principals in any crime so committed. Penal Code § 31.) Thus, a person who aids and abets a crime is guilty of the crime even if someone else committed some or all of the criminal acts. Because aiders and abettors may be criminally liable for acts not their own, cases have described their liability as vicarious." (**McCoy,** supra, 25 Cal.4th at pp. 1117-1118, citations omitted.) (See also, **Prettyman, supra,** 14 Cal.4th at p. 262.)

In the case of **Beeman**, the California Supreme Court held: The leading case is **People v. Yarber**, 90 Cal.App3d 895 153 Cal Rptr. 875, which explained that the **Ellbamer**, 199 Cal.App.2d 777 and **Ott,** 84 Cal.App.3d 118, synthesis that intent is inferred from the knowledge by the aider and abettor of the perpetrator's purpose is sound, generally, as a matter of human experience, but we cannot extrapolate therefore as a matter of law, that the inference must be drawn. Intent is what must be proved; from a persons action with knowledge of purpose of the perpetrator of the crime his intent to aid the perpetrator can be inferred. In the absence of evidence to the contrary the intent may be regarded as established, But **where a contrary inference is reasonable- where there is room for doubt that a person intended to aid a prepetrator - his knowledge of th perpetrator's purpose will not suffice'"** (Id. 90 Cal.App.3d

at p. 916 Beeman, at 35 Cal.3d at 588.)

In addition to knowing of the perpetrator's criminal purpose the aider and abettor at lease is required to have realized he or she is aiding the commission of the crime.

Moreover, criminal liability as a principal attaches to those who aid in the commission of a crime only if they also share in the criminal intent. (Penal Code section 20; see also **Pinell v. Superior Court**, (1965) 232 Cal.App.2d 284, 287, 42 Cal.Rptr.676.) Or in the language of section 31, abid the crime. Petition was thus an accomplice (to the sexual assaults) only if at the time he acted he had "guilty knowledge and intent with regard to the commission of the underlying offense". (**People v. Duncan**, (1960) 53 Cal.2d 803, 816, 3 Cal.Rptr. 351; **People v. Tewsbury**, (1976) 15 Cal.3d 953, 960, 127 Cal.Rptr.135.)

The requirement that a person must aid, promote, encourage, or instigate the criminal act by action or advice means that he or she must have actual participation in the offense. (**People v. Beeman,** supra, 35 Cal.3d 547, 560, 199 Cal.Rptr.60; **People Tewsbury,** supra, 15 Cal.3d 953, 960, 127 Cal.Rptr. 135.) This requirement is not met by the mere presence of the person at the scene of the crime, nor is it fulfilled by failure of the person to act to prevent a crime occurring in his or her presence. **(People v. Madison,** (1966) 242 Cal.App.2d 820, 826, 51 Cal.Aptr. 851.)

Clearly, the weigh of Authority and sound law require proof that an aider and abettor act with knowledge of the criminal purpose of the perpetrator and with an intent or purpose either

9

of committing, or of encouraging, or facilitating commission of the offense. (People v. Terry, (1970) 2 Cal.3d 362, 402, 85 CR 875; People v. Vasquez, (1972) 29 Cal.App.3d 81,87, 105 Cal.Rptr. 181.)

Here, petitioner exhibited no acts encouraging or counseling Doung (prepetrator). Hense, no implication that petitioner harbored any purpose or goal of furthering the commission of Doung's criminal acts. Further, petitioner had no fundamental purpose nor motive nor intent to aid and assist the perpetrator in the commission of the sexual assault. In fact, petitioner took action to prohibit Doung's criminal acts against Ms.Doe.

### I.

**PETITION WAS DENIED HIS SIXTH AMENDMENT RIGHT O A JURY BY THE TRIAL COURT AGGRAVATING HIS PRISON SENTENCE BASED ON FACTUAL FINDING NOT FOUND TRUE BY A JURY, BUT BY THE COURT ALONE.**

A.   **Petitioner Was Denied Due Process By The Trial Court Sentencing Him Under The Structure of Penal Code Section 667.6, Subdivision (d..**

At sentencing, the trial court stated regarding counts nine and eleven: "Count 9, I must impose the term consecutive, and it is full term consecutive, this is on count 9, I impose. . . the mid-term of 7 years and that's consecutive. [¶] Count 11, the mid-term, which is 7 years consecutive. [¶] So the total term, and those two are under 667.6(d), that's count 9 and 11, that's why I am imposing them consecutive, full term, so the total sentence then is 26 years." The prosecutor added: "Also, just to clarify the record, the People are assuming that the reason that the court is finding the sentencing structure of 66.7.6(d) appropriate is because counts 10 [sic] and 11 are

in fact separate instances of conduct; is that correct? [1] The court statred: "That's Correct. [2]

## B.   Application of Section 667.6. subdivision (d)

Section 667.6, subdivision (d), provides in pertinent part: "A full, separate, and consecutive term shall be served for each violation of . . . Section 264.1. . . if the crimes involve separate victims or involve the same victim on separate occasions. [¶] In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assltive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions. [¶] The term shall be served consecutively to any othe term of imprisonment and shall commence from the time the person otherwise wouldhave been released from imprisonment. The term shall nd be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been relased from prison.

---

1    The court imposed a concurrent term on count ten.
2    Defendant Chen did not waive his right to claim the court failed to adequately explain its application of section 667.6(d), because he did not object at the time of sentencings.

//

//                                    //

//

By sentencing petitioner under the structure of 667.6(d), the trial court aggravated petitioner's sentenced based on factual finding not found true by a jury, but by the judge alone. Under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by the jury, not the judge, and established beyond a reasonable doubt, not merely be a preponderance of the evidence." <u>Cunningham v. California</u>, supra__US. at pp__127 S.Ct at pp.863-864.)

In <u>Apprendi</u>, the United States Supreme Court stated; "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, supra, 530 U.S. at p. 490.)

In <u>Black II</u>, the California Supreme Court stated: "As we explained in Black II, "the constitution requirement of a jury trial and proof beyond a reasonable doubt applies only to a fact that is legally essential to the punishment. (Blakely supra, 542 U.S. at p. 313) that is, to any fact that exposes a defendant to a greater potential sentence than is authorized by the jury's verdict alone.

Here, it is not clear that a jury applying the beyond a reasonable doubt standard, unquestionably would have found true the fact that petitioner actions fell under 667.6(d).

For constitutional purposes, "Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error," and is subject to harmless error review under <u>Chapman v. California</u>, (1967) 386 U.S. 18, 24, [87] S.Ct.

12

824; 17 L.Ed.2d 705]. (**Washington v. Recuenco**, (2006) __U.S.__[126 S.Ct.2246, 2553, 165 L.Ed.2d 466].)

**C.   Petitioner's Upper Term Consecutive Sentence Pursuant to Penal Code 667.6.(d) Should Be Vacated.**

On June 26, 2006, the United states Supreme Court ruled in **Washington v. Recuenco**, (2006) 548 U.S.__[126 S.Ct. 2546, 2551-2553; 165 L.Ed2d 466.], that Blakely error is subject to the harmless error analysis Under **Neder v. United States**, (1999) 527 U.S. 1,8,. In Neder, the court held that the failure to include an element of an offense in a jury instruction is subject to harmless error analysis. The pertinent Inquiry "ask whether the !(.) The high court held that "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." (Id. at pp. 18-19.) In **Washington v. Recuenco,** supra, the court held that sentencing factor s are to be treated like elements of an offense, and that, "Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error."

Here, under the harmless error analysis, reversal is required because the government cannot show beyond a reasonable doubt that the error did not contribute to the result. (See also **People v. Sengpadychith**, (2001) 26 Cal.4th 316, 324.)It cannot be concluded that without the error the decision would have been the same. Although the trial court imposed 66.7.6(d), there was no evidentiary hearing from which it could be determined whether petitioner was was guilty of 667.6. -- Especially in light of the fact that

petitioner attempted to prohibited the sexual assault in this case.

## CONCLUSION

Based on the foregoing argument and authority, this court should grant the relief sort in this case by petitioner.

Dated: *8-14-2007*

Respectfully submitted,

Michael Chen
Petitioner In Pro Per

//

//

//

//

//

//

//

//

//

//

//

14

RAYMOND CHEN
14769 BANCROFT AVENUE
SAN LEANDRO, CA94578
(510) 612-8341

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL CHEN

               Plaintiff,

         v.

JAMES TILTON, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.. **CIV-07-1780-WBS-GGH-P**

**PROOF OF SERVICE BY MAIL**

I hereby certify that on **March 15**, 20**08**, I served a copy of the attached PLAINTIFFS' SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES ,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at the California State Prison - Solano, in Vacaville, California.

Parties Served:

                                   **OFFICE OF THE CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
501 I STREET, #4-200
SACRAMENTO, CA 95814**

I declare under penalty of perjury that the foregoing is true and correct.

*Raymond Chen*

RAYMOND CHEN

### Law Office of Sean Musgrove
*Post Office Box 123, Rescue, CA 95672*
*Phone: 916 965 4577  Fax: 916-357-9790*

File no. Interstate Transfer Program

*Re: Legal Consultation*

Dear Sir:

I have been hired by the State of California to give you a free consultation regarding the Involuntary Inmate Transfer Program.

In this consultation, I will explain whether or not you have been selected to be involuntarily transferred to another state.

I will also explain to you how you should dispute the decision legally in the form of a 602. In this explanation, I may tell you some ideas that I have to include in your 602. However, since I have not been hired to represent you in any action beyond this free consultation, my suggestions may not be a complete defense to an involuntary transfer to another state. This is because I will not have your complete file nor the time to develop a legal strategy specific to your case. For a complete defense, you should contact an attorney to represent you immediately.

Although I am not representing you in an action beyond this simple consultation, this does not reflect whether or not I believe that your particular case has any legal merit. However, at the minimum, you must file a 602 immediately. Also, you should seek legal representation. Failure to do either action so may forfeit some of your rights.

Yours very truly,

Sean Musgrove

Michael Chen  P-40268
Name                CDC Number

Michael Ch
Signature/Firma